1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                      SAN JOSE DIVISION

10                                    NO. C 04-04908 JW

11   In re UTStarcom, Inc. Securities Litigation    **ORDER OVERRULING DEFENDANTS'**
                                                     **OBJECTIONS TO PLAINTIFFS'**
12                                                   **FOURTH AMENDED COMPLAINT**

13   _____/

14                      **I.  INTRODUCTION**

15          This is a putative securities fraud class action brought on behalf of investors who acquired

16   UTStarcom, Inc. ("UTStarcom" or the "Company") securities between February 21, 2003 and

17   October 12, 2007 (the "Class Period"), against UTStarcom and certain of its officers and directors,

18   as well as, Softbank Corporation ("SBC"), Softbank America, Inc. ("SBA"), and Softbank Holdings,

19   Inc. ("SBH")[1] (collectively, "Defendants").  In their Fourth Amended Complaint, Plaintiffs allege

20   Defendants, *inter alia*, violated §§ 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934

21   ("the Exchange Act").

22          Presently before the Court are Defendants' Objections to Plaintiffs' Fourth Amended

23   Complaint.[2]  The Court found it appropriate to take the matter under submission without oral

24

25          _____

26          [1] SBA, SBH, and SBC are collectively referred to as "Softbank."

27          [2]  (Defendant UTStarcom's Objections to Fourth Amended Consolidated Complaint,
     hereafter, "UTStarcom Objections," Docket Item No. 237; Defendant Softbank's Objections to the
28   Fourth Amended Consolidated Complaint, hereafter, "Softbank Objections," Docket Item No. 239.)

**United States District Court**
For the Northern District of California

argument.  See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court OVERRULES Defendants' Objections.

## II.  BACKGROUND

**A.    Factual Background**

In a Fourth Amended Complaint filed on May 14, 2008, Plaintiffs allege as follows:

Lead Plaintiffs are Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust and Erwin DeBruycker.[3]  Lead Plaintiffs purchased UTStarcom securities during the Class Period and suffered losses as a result of Defendants' actions.  Defendant UTStarcom is an Alamenda, California based company that designs, manufactures, and sells wireless, "limited mobility" telecommunications systems.  (4AC ¶ 2.)  Individual Defendants Hong Liang Lu, Michael J. Sophie, Ying Wu, and Thomas J. Troy were directors, officers, or high-ranking employees of UTStarcom during the Class Period.  (Id. ¶ 3.)  Softbank was UTStarcom's largest shareholder and third largest customer during the Class Period, and has signification influence over UTStarcom's management and affairs.  (Id.)  SBC is a Japanese corporation and SBA and SBH are Delaware corporations which are wholly owned by SBC.

From February 21, 2003 to August 9, 2006, UTStarcom reported false financial information via press releases, in company conference calls, and to the Securities and Exchange Commission ("SEC").  (Id. ¶ 66.)  In these communications, UTStarcom overstated its revenue and net income, understated stock option compensation expenses, and failed to account for employee stock option grants.  (Id. ¶ 71.)  Further, the exercise prices of stock options were not the market values of the stock on the dates of the grants, and the Sarbanes-Oxley certifications made by UTStarcom employees were false and misleading.  (Id.)

---

[3] (Plaintiffs' Fourth Amended Complaint for Violations of the Securities Laws ¶ 28, hereafter, "4AC," Docket Item No. 234.)

United States District Court

For the Northern District of California

1    Defendants never made a complete corrective disclosure regarding the false and

2    misleading statements that concealed adverse financial information.  (<u>Id.</u> ¶ 396.)  However,

3    partial disclosures were made from 2003 to 2007 that revealed some of the previously

4    concealed problems and some of the impact of those misstatements on UTStarcom's

5    financial condition.  (<u>Id.</u>)  These partial disclosures caused UTStarcom's stock to decline

6    disproportionately to the NASDAQ Composite.  (<u>Id.</u> ¶ 397.)  UTStarcom has restated its

7    financial statements three times and admitted it improperly recognized revenue and failed to

8    record millions in stock compensation expenses.  (<u>Id.</u> ¶ 22.)

9    Softbank had access to the adverse, undisclosed information described in the

10   Complaint and deliberately ignored it.  (<u>Id.</u> ¶ 408.)  Since Softbank was a controlling entity

11   in publicly-held UTStarcom, it had a duty to disseminate promptly and accurately truthful

12   information with respect to the Company's financial condition.  (<u>Id.</u> ¶ 409.)

13   The SEC has initiated multiple investigations of UTStarcom.  (<u>Id.</u> ¶ 23.)  The SEC

14   found UTStarcom had been on notice since at least March 2003 of significant internal control

15   weaknesses, including the use of side letters and contract amendments precluding revenue

16   recognition that were not forwarded by sales offices to the contract and finance departments.

17   (<u>Id.</u> ¶ 81.)  The SEC further found that UTStarcom improperly and prematurely recognized

18   $400 million in revenue based on these side agreements.  (<u>Id.</u> ¶ 83.)  On May 1, 2008, the

19   SEC announced it had filed suit against UTStarcom based on the company's false financial

20   reports and recurring internal control deficiencies.  (<u>Id.</u> ¶¶ 23, 79.)  The SEC and the United

21   States Department of Justice are also investigating possible violations of the Foreign Corrupt

22   Practices Act.  (<u>Id.</u> ¶¶ 23, 105.)

23   On the basis of the allegations outlined above, Plaintiffs allege three causes of action: (1)

24   Violation of § 10(b) of the Exchange Act and Rule 10b-5 against UTStarcom and the Individual

25   Defendants; (2) Violation of § 14(a) of the Exchange Act and Rule 14a-19 against UTStarcom and

26   the Individual Defendants; and (3) Violation of § 20(a) of the Exchange Act against the Individual

27   Defendants and Softbank.

28

**United States District Court**
For the Northern District of California

**B.** **Procedural History**

The first Complaint in this case was filed on November 17, 2004. (<u>See</u> Docket Item No. 1.) The Complaint was 25 pages long. The Court then consolidated several related cases and appointed Lead Plaintiffs. Lead Plaintiffs filed a Consolidated Complaint on July 1, 2005. (<u>See</u> Docket Item No. 66.) The Consolidated Complaint was 86 pages long. With Defendants' consent, Plaintiffs filed a First Amended Consolidated Complaint on July 26, 2005. (<u>See</u> Docket Item No. 70.) The First Amended Consolidated Complaint became 211 pages long. Plaintiffs then sought leave to file a Second Amended Complaint and submitted their Proposed Second Amended Complaint for consideration. The Court granted Plaintiffs leave to amend over Defendants' opposition. (<u>See</u> Docket Item No. 118.)

On May 25, 2007, Plaintiffs filed the Third Amended Complaint. (hereafter, "3AC," Docket Item No. 186.) The Third Amended Complaint was 178 pages long, with an additional 124 pages of exhibits. The Court dismissed the Third Amended Complaint because it violated a page limitation set by the Court and because it was difficult to read and comprehend due to extensive use of cross-referencing. (Docket Item No. 232.) In granting leave for the Plaintiffs to file a Fourth Amended Complaint, the Court instructed Plaintiffs to comply with the previous orders of the Court regarding the form of their Complaint and required Defendants to file an objection, if any, as to form of the Fourth Amended Complaint once filed. (<u>See</u> Docket Item No. 232.)

On May 14, 2008, Plaintiffs filed a Fourth Amended Complaint. Presently before the Court are Defendants' timely filed objections to the Fourth Amended Complaint.

## III. DISCUSSION

Defendants object to the form of the Fourth Amended Complaint on the grounds that it (1) violates the Court's rulings concerning the structure of the Complaint, and (2) impermissibly adds allegations of backdating and expands the class period. (UTStarcom Objections at 1, 7; Softbank Objections at 1-3.) The Court proceeds to address each of issue in turn.

//

4

United States District Court

For the Northern District of California

**A.     <u>The Structure of the Fourth Amended Complaint</u>**

The Court set several requirements for the structure of Plaintiffs' Complaint in this case.  In its March 1, 2006 Order, the Court set a maximum page limit of 150 pages.  In its March 20, 2007 Order, the Court required that the Complaint contain, *inter alia*, the following headings and allegations: (1) Each alleged false or misleading statement, including the date of the statement and the identity of the statement's author; (2) The facts which revealed that the statement was false or misleading; (3) Scienter, including the factual basis for scienter; and (4) Loss causation, including the date, nature, and extent of the loss.  In its May 14, 2008 Order, the Court prohibited the use of extensive cross-referencing in the Complaint.

The Fourth Amended Complaint is 154 pages long.  However, four of those pages are a caption page, a table of contents, and a certificate of service.  Under the Civil Local Rules, the caption, table of contents, and certificate of service do not subtract from the number of permissible pages, lines, or words for a filing.  <u>See</u> Civ. L.R. 7-4.  Thus, the text of the Fourth Amended Complaint is 150 pages, which is a length that complies with the Court's Orders.

With respect to the statements used to support Plaintiffs' § 10(b) claim, the Fourth Amended Complaint alleges (1) the false or misleading statements, including the date of the statements and the identity of the statements' authors; (2) the facts which revealed that the statements were false or misleading; (3) scienter, including the factual basis for scienter; and (4) loss causation, including the date, nature, and extent of the loss.  (<u>See, e.g.</u>, 4AC §§ 66-141.)  The sections of the Fourth Amended Complaint addressing these issues are reasonably organized and avoid the excessive cross-referencing which the Court had previously raised as an issue. Whether these allegations are adequate to withstand a motion to dismiss is not before the Court.  Thus, without assessing the merits of these allegations, it is clear that Plaintiffs' have complied with the Court's Orders regarding the structure of the Complaint.

Accordingly, Defendants' objections that the Fourth Amended Complaint violates the Court's Orders concerning the structure are OVERRULED.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.    Additional Allegations in the Fourth Amended Complaint**

Defendants contend that the Fourth Amended Complaint also impermissibly adds allegations of backdating and expands the class period; thus, the Court should sustain Defendants' objections because these amendments violate prior Orders of the Court.  (UTStarcom Objections at 1.)

It is undisputed that Plaintiffs have added allegations of backdating in amending their Complaint which were not present in the any of the individual actions prior to consolidation or in the Consolidated Complaint filed on July 1, 2005.  However, it is also clear that Plaintiffs first alleged backdating in their Third Amended Complaint – not in the Fourth Amended Complaint.  (See, e.g., 3AC ¶ 4.)  Prior to the addition of the backdating allegations in the Third Amended Complaint, there was no order issued by the Court which precluded Plaintiffs from adding such allegations.  It was only after the Third Amended Complaint was filed that the Court even addressed the issue of backdating, in that instance, by declining to relate a case against UTStarcom which alleged backdating claims.  (November 30, 2007 Order, Docket Item No. 225.)  Regardless, the Court did not prohibit the addition of further allegations of backdating when it dismissed the Third Amended Complaint with leave to amend.

Plaintiffs have added additional allegations which relate to backdating in their Fourth Amended Complaint.  (4AC ¶¶ 58-63, 66, 76, 83, 79-90, 96-98, 103, 157, 161-70, 259, 288-89, 313, 326, 341, 344, 366-68, 370, 377, 385.)  Whether these allegations are transactionally related to the allegations in Plaintiffs' previous Complaints, or should have been added through a supplemental complaint rather than an amendment, is an issue more appropriately addressed in a motion to strike.  However, it is worth noting that the Ninth Circuit advises leniency with procedural rules when an amendment adds allegations relating to events that occurred after the initial pleading was filed.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) (finding that a plaintiff's erroneous characterization of a corrected pleading as an amended complaint as opposed to a supplemental pleading was immaterial).

In the Third Amended Complaint, the asserted Class Period was from February 21, 2003 to October 6, 2005.  (3AC ¶ 1.)  In the Fourth Amended Complaint, the Class Period begins on the

same date but ends on October 12, 2007.  (4AC ¶ 1.)  By making this amendment, Plaintiffs have extended the Class Period by two years.  However, as above, the Court never issued an order restricting the Class Period to certain dates.  (See May 14, 2008 Order.)  The question of whether the Fourth Amended Complaint was appropriately amended to include the extended Class Period should be addressed in a motion to strike the backdating allegations.  Regardless of whether Defendants file such a motion, the Court finds that Plaintiffs' additional allegations do not directly violate any Court Orders.

Accordingly, Defendants' objections that the additional allegations violate the Court's Orders are OVERRULED.

### IV.  CONCLUSION

The Court OVERRULES Defendants' Objections to Plaintiffs' Fourth Amended Complaint.

Dated:  July 24, 2008

_____
JAMES WARE
United States District Judge

**United States District Court**
For the Northern District of California

7

1

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2    Amanda Lenore Kosowsky amanda.kosowsky@cwt.com
     Amie Danielle Rooney rooneya@sullcrom.com
3    Bahram  Seyedin-Noor bnoor@wsgr.com
     Boris  Feldman boris.feldman@wsgr.com
4    Bryan Jacob Ketroser bketroser@wsgr.com
     Cheryl Weisbard Foung cfoung@wsgr.com
5    Christopher J. Keller ckeller@labaton.com
     Christopher Paul Seefer chriss@csgrr.com
6    Elizabeth Pei Lin elin@milberg.com
     Eric J. Belfi ebelfi@labaton.com
7    Gregory A Markel gregory.markel@cwt.com
     Inna  Zatulovsky izatulovsky@morganlewis.com
8    Jason  de Bretteville debrettevillej@sullcrom.com
     Kimberly C. Epstein e_file_sf@csgrr.com
9    Lionel Z. Glancy info@glancylaw.com
     Mark  Punzalan mpunzalan@finkelsteinthompson.com
10   Marvin L. Frank mfrank@murrayfrank.com
     Michael John Lawson michael.lawson@morganlewis.com
11   Michael M. Goldberg info@glancylaw.com
     Patricia I. Avery pavery@wolfpopper.com
12   Patrick J. Coughlin PatC@csgrr.com
     Philip Howard Gordon pgordon@gordonlawoffices.com
13   Rachele R. Rickert rickert@whafh.com
     Robert Andrew Sacks sacksr@sullcrom.com
14   Ronit  Setton ronit.setton@cwt.com
     Scott Christensen Hall halls@sullcrom.com
15   Shirley H. Huang shirleyh@csgrr.com
     Stephanie L. Dieringer sldieringer@huletttharper.com
16   Sylvia  Sum SSum@csgrr.com
     Terry T. Johnson tjohnson@wsgr.com
17   Vincent P. Finigan vfinigan@morganlewis.com
     William S. Lerach e_file_sd@lerachlaw.com

18

19

20   Dated:  July 24, 2008                           Richard W. Wieking, Clerk

21                                                   By:   /s/ JW Chambers
                                                          **Elizabeth Garcia**
22                                                        **Courtroom Deputy**

23

24

25

26

27

28

**United States District Court**
For the Northern District of California