TERRY T. JOHNSON, State Bar No. 121569 (tjohnson@wsgr.com)
BORIS FELDMAN, State Bar No. 128838 (boris.feldman@wsgr.com)
BAHRAM SEYEDIN-NOOR, State Bar No. 203244 (bnoor@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
CHRISTOPHER P. SEEFER, State Bar No. 201197 (cseefer@csgrr.com)
SHIRLEY H. HUANG, State Bar No. 206854 (shuang@csgrr.com)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone:  (415) 288-4545
Facsimile:   (415) 288-4534

Attorneys for Lead Plaintiffs

[Additional counsel and parties listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE UTSTARCOM, INC. SECURITIES LITIGATION | Master File No. C-04-4908-JW(PVT) |
| | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| This Document Relates to: | |
| ALL ACTIONS. | |

**PROTECTIVE ORDER**

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1      Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2      Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3      "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.4      "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

2.11    <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies,

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

1  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

2  have up to 20 days to identify the specific portions of the testimony as to which protection is

3  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

4  CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

5  are appropriately designated for protection within the 20

6  days shall be covered by the provisions of this Stipulated Protective Order.

7            Transcript pages containing Protected Material must be separately bound by

8  the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-

10  party offering or sponsoring the witness or presenting the testimony.

11            (c)    for information produced in some form other than documentary, and

12  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

13  the container or containers in which the information or item is stored the legend

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

15  portions of the information or item warrant protection, the Producing Party, to the extent

16  practicable, shall identify the protected portions, specifying whether they qualify as

17  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18            5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

19  to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the

21  Designating Party's right to secure protection under this Order for such material.  If material is

22  appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on

24  timely notification of the designation, must make reasonable efforts to assure that the material is

25  treated in accordance with the provisions of this Order.

26        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

27            6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

28  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation, after considering the justification offered by the Designating Party, may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

1    disclosed only to the categories of persons and under the conditions described in this Order.  When

2    the litigation has been terminated, a Receiving Party must comply with the provisions of Section

3    11 (FINAL DISPOSITION), below.

4    Protected Material must be stored and maintained by a Receiving Party at a

5    location and in a secure manner that ensures that access is limited to the persons authorized under

6    this Order.

7    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

8    ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

9    disclose any information or item designated CONFIDENTIAL only to:

10    (a)    the Receiving Party's Outside Counsel of record in this action which

11    has signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A,

12    as well as employees and professional vendors of said Counsel to whom it is reasonably necessary

13    to disclose the information for this litigation;

14    (b)    the officers, directors, and employees (including House Counsel) of

15    the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

16    signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

17    (c)    experts (as defined in this Order) of the Receiving Party to whom

18    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

19    Bound by Protective Order" (Exhibit A);

20    (d)    the Court and its personnel;

21    (e)    court reporters and their staffs to whom disclosure is reasonably

22    necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

23    Order" (Exhibit A);

24    (f)    during their depositions, witnesses in the action to whom disclosure

25    is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

26    (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

27    Protected Material must be separately bound by the court reporter and may not be disclosed to

28    anyone except as permitted under this Stipulated Protective Order; and

1        (g)     the author of the document or the original source of the information..

2        7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

4   the Designating Party, a Receiving Party may disclose any information or item designated

5   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

6        (a)     the Receiving Party's Outside Counsel of record in this action which

7   has signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A,

8   as well as employees and professional vendors of said Counsel to whom it is reasonably necessary

9   to disclose the information for this litigation;

10       (b)     Experts (as defined in this Order) to whom disclosure is reasonably

11  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

12  Order" (Exhibit A);

13       (c)     the Court and its personnel;

14       (d)     court reporters and their staffs to whom disclosure is reasonably

15  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

16  Order" (Exhibit A); and

17       (e)     the author of the document or the original source of the information.

18       8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
            OTHER LITIGATION
19

20       If a Receiving Party is served with a subpoena or an order issued in other litigation that

21  would compel disclosure of any information or items designated in this action as

22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

23  Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, if possible)

24  immediately and in no event more than three court days after receiving the subpoena or order.

25  Such notification must include a copy of the subpoena or court order.

26       The Receiving Party also must immediately inform in writing the Party who caused the

27  subpoena or order to issue in the other litigation that some or all the material covered by the

28  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

1   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

2   caused the subpoena or order to issue.

3        The purpose of imposing these duties is to alert the interested parties to the existence of

4   this Protective Order and to afford the Designating Party in this case an opportunity to try to

5   protect its confidentiality interests in the court from which the subpoena or order issued. The

6   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

7   confidential material – and nothing in these provisions should be construed as authorizing or

8   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9        9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11  Material to any person or in any circumstance not authorized under this Stipulated Protective

12  Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the

13  unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c)

14  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

15  Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to

16  Be Bound" that is attached hereto as Exhibit A.

17        10.   FILING PROTECTED MATERIAL

18        Without written permission from the Designating Party or a court order secured after

19  appropriate notice to all interested persons, a Party may not file in the public record in this action

20  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

21  with Civil Local Rule 79-5.

22        11.   FINAL DISPOSITION

23        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

24  after the final termination of this action, each Receiving Party must either destroy or return all

25  Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"

26  includes all copies, abstracts, compilations, summaries or any other form of reproducing or

27  capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

28  the Receiving Party must submit a written certification to the Producing Party (and, if not the same

1   person or entity, to the Designating Party) by the sixty day deadline that identifies (by category,

2   where appropriate) all the Protected Material that was returned or destroyed and that affirms that

3   the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms

4   of reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

5   Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

6   memoranda, correspondence or attorney work product, even if such materials contain Protected

7   Material.  Any such archival copies that contain or constitute Protected Material remain subject to

8   this Protective Order as set forth in Section 4 (DURATION), above.

9        12.   INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

10          Each party shall make efforts that are "reasonably designed" to protect its

11   privileged materials.  *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001).  What

12   constitutes efforts that are reasonably designed to protect privileged materials depends on the

13   circumstances; the law does not require "strenuous or Herculean efforts," just "reasonable efforts."

14   *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc*. 2008 WL 350641, *1–*2 (ND Cal., Feb. 2,

15   2008); *see also*, FED.R.CIV.PRO. 26(f)(3) advisory committee's notes to 2006 amendments

16   (discussing the substantial costs and delays that can result from attempts to avoid waiving

17   privilege, particularly when discovery of electronic information is involved).  When a particular

18   Rule 34 request requires a production or inspection that is too voluminous, expedited or

19   complex (such as certain electronic productions) to allow for an adequate preproduction

20   review, the parties may enter into non-waiver agreements for that particular production.  If the

21   requesting party is unwilling to enter into such an agreement, the Producing Party may move the

22   court for a non-waiver order.

23          In the event that, despite reasonable efforts, a Producing Party discovers it has

24   inadvertently produced privileged materials, then within 30 calendar days the Producing Party

25   shall notify the Receiving Party that the document(s) or materials should have been withheld on

26   grounds of privilege.  After the Receiving Party receives this notice from the Producing Party

27   under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced

28   material to any person or entity pending resolution of the Producing Party's claim of privilege.

1    The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as

2    reasonably possible after a notice of inadvertent production.  If the Producing Party and Receiving

3    Party agree that the inadvertently produced material is privileged, and was disclosed despite

4    efforts by the Producing Party that were 'reasonably designed' to protect the materials, then the

5    Receiving Party shall return or certify the destruction of all copies (including summaries) of such

6    material.  If no agreement is reached, then within 10 court days after the meet and confer, the

7    Producing Party must seek a ruling from this court to establish that the material is privileged and

8    that the Producing Party did not waive the privilege by inadvertently producing the material.  If

9    the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the

10   inadvertently produced material to any person or entity pending the court's ruling on the

11   Producing Party's motion.

12        13.    MISCELLANEOUS

13             13.1    Right to Further Relief.   Nothing in this Order abridges the right of any

14   person to seek its modification by the Court in the future.

15             13.2    Right to Assert Other Objections.  By stipulating to the entry of this

16   Protective Order no Party waives any right it otherwise would have to object to disclosing or

17   producing any information or item on any ground not addressed in this Stipulated Protective

18   Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any

19   of the material covered by this Protective Order.

20

21   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22   Dated:  May 12, 2009                          Respectfully Submitted,

23                                                 WILSON SONSINI GOODRICH & ROSATI
                                                   Professional Corporation
24

25                                                 By: /s/  BAHRAM SEYEDIN-NOOR
                                                         BAHRAM SEYEDIN-NOOR
26
                                                   Attorneys for Defendants
27                                                 UTSTARCOM, INC., HONG LIANG LU,
                                                   MICHAEL J. SOPHIE, YING WU, THOMAS
28                                                 J. TOY

1    Dated:  May 12, 2009                    SULLIVAN & CROMWELL LLP

2

3                                            By: /s/  JASON DE BRETTEVILLE
                                                  JASON DE BRETTEVILLE

4                                             Attorneys for Defendants
                                             SOFTBANK HOLDINGS, INC.
5                                            SOFTBANK AMERICA, INC. AND
                                             SOFTBANK CORPORATION
6

7

8    Dated:  May 12, 2009                    COUGHLIN STOIA GELLER RUDMAN &
                                             ROBBINS LLP
9

10                                           By: /s/  CHRIS SEEFER
                                                  CHRIS SEEFER
11
                                             Attorneys for Plaintiffs
12

13

14          PURSUANT TO STIPULATION,   IT IS SO ORDERED.

15

16   DATED: _____5/12/09_____          _Patricia V. Trumbull_____
                                             The Honorable Patricia V. Trumbull
17                                           United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

3        I, _____ [print or type full name], of _____

4  [print or type full address], declare under penalty of perjury that I have read in its entirety and

5  understand the Stipulated Protective Order that was issued by the United States District Court for

6  the Northern District of California on _____, 2009 in the case of *In re UTStarcom,*

7  *Inc. Securities Litigation*, Case No. C-04-4908-JW(PVT).  I agree to comply with and to be bound

8  by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure

9  to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

10  promise that I will not disclose in any manner any information or item that is subject to this

11  Stipulated Protective Order to any person or entity except in strict compliance with the provisions

12  of this Order.

13        I further agree to submit to the jurisdiction of the United States District Court for the

14  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16        I hereby appoint _____ [print or type full name] of

17  _____ [print or type full address and telephone number] as

18  my California agent for service of process in connection with this action or any proceedings

19  related to enforcement of this Stipulated Protective Order.

20

21  Date: __ _____

22  City and State where sworn and signed: _____

23  Printed name _____
                          [printed name]

24  Signature: _____
                     [signature]

25

26

27

28