IT IS SO ORDERED
*James Ware*
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re UTSTARCOM, INC. SECURITIES LITIGATION ) | Master File No. C-04-4908-JW(PVT) |
| ) | CLASS ACTION |
| This Document Relates To: ) | [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. ) | |

523054_1

WHEREAS, a consolidated action is pending before the Court entitled *In re UTStarcom, Inc. Securities Litigation*, Master File No. C-04-4908-JW(PVT) (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of January 13, 2010 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and the UTStarcom Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation as to the UTStarcom Defendants and for dismissal of the Litigation with prejudice as to the UTStarcom Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For settlement purposes only, the Court certifies a Class defined as: All Persons who purchased UTStarcom publicly traded securities on the open market between February 21, 2003 through and including October 12, 2007, and were damaged thereby. Excluded from the Class are the Defendants and officers and directors of UTStarcom, SoftBank Corporation, SoftBank America, Inc. or SoftBank Holdings, Inc., as well as their families and affiliates. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class. If the Stipulation and the settlement set forth therein are not approved by the Court or are terminated or fail to become effective in accordance with the terms therein, this conditional certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter.

2. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

3.  A hearing (the "Settlement Hearing") shall be held before this Court on August 30, 2010, at 9:00 a.m., at the United States Courthouse, 280 South First Street, San Jose, California, to determine whether the proposed partial settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to plaintiffs' counsel; and to determine the amount of expenses to be reimbursed to the Plaintiffs. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

4.  The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶5-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.  The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    (a)  Lead Counsel shall make reasonable efforts to identify all Persons who are Members of the Class and not later than May 28, 2010 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

    (b)  Not later than June 8, 2010, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

523054_1

(c) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased the publicly traded securities of UTStarcom for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such UTStarcom securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

7. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

8. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

9. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

523054_1

- 3 -

10. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than August 6, 2010. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases and sales of UTStarcom publicly traded securities made during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

11. Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed partial settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the plaintiffs, or why the expenses of the Plaintiffs should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before August 6, 2010, by Robbins Geller Rudman & Dowd LLP, Keith F. Park, 655 W. Broadway, Suite 1900, San Diego, CA 92101; Wilson Sonsini Goodrich & Rosati, Terry T. Johnson, Boris Feldman, 650 Page Mill Road, Palo Alto, CA 94304-1050, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Northern District of California, San Jose Division, on or before August 6, 2010. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the plaintiffs or expenses of the Plaintiffs, unless otherwise ordered by the Court.

12. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13. Lead Counsel shall be entitled to withdraw seventy-five percent (75%) of their expenses incurred in prosecuting the Litigation from the Settlement Fund, subject to final approval of said expenses at the Settlement Hearing and the other provisions of ¶6.1 of the Stipulation.

14. All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by counsel for the plaintiffs for attorneys' fees and expenses or by Plaintiffs for reimbursement of their expenses shall be filed and served by June 18, 2010. Replies to any objections shall be filed and served by August 20, 2010.

15. Neither the UTStarcom Defendants and their Related Parties nor the UTStarcom Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by plaintiffs' counsel or the Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

16. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

17. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

18. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the UTStarcom Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

19. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further

523054_1

1   applications arising out of or connected with the proposed settlement. The Court may approve the
2   settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,
3   without further notice to the Class.
4       20.    If the Stipulation and the settlement set forth therein is not approved or consummated
5   for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection
6   therewith shall be without prejudice to the rights of the Settling Parties status quo ante.
7       IT IS SO ORDERED.

Dated: May 13, 2010

                /s/ James Ware
                JAMES WARE
                United States District Judge

523054_1