*IT IS SO ORDERED AS MODIFIED*
*/s/ James Ware*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re UTSTARCOM, INC. SECURITIES LITIGATION | ) Master File No. C-04-4908-JW(PVT) ) ) CLASS ACTION ) |
| This Document Relates To: <br> ALL ACTIONS. | ) [PROPOSED] FINAL JUDGMENT AND ) ORDER OF DISMISSAL WITH PREJUDICE ) ) DATE: August 30, 2010 ) TIME: 9:00 a.m. ) COURTROOM: The Honorable James Ware |

574938_1

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated May 13, 2010, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of January 13, 2010 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Court hereby finally certifies a Class for settlement purposes only defined as: All Persons (other than those Persons who timely and validly requested exclusion from the Class, as set forth in Exhibit 1 hereto) who purchased UTStarcom publicly traded securities on the open market between February 21, 2003 through and including October 12, 2007, and were damaged thereby. Excluded from the Class are the Defendants and officers and directors of UTStarcom, SoftBank Corporation, SoftBank America, Inc. or SoftBank Holdings, Inc., as well as their families and affiliates.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

    (a) said Stipulation is, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

    (b) there was no collusion in connection with the Stipulation;

    (c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

574938_1

    (d)  the record is sufficiently developed and complete to have enabled the Lead Plaintiffs and the UTStarcom Defendants to have adequately evaluated and considered their positions.

  5.  Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice as to the UTStarcom Defendants, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and herein.

  6.  Upon the Effective Date hereof, the Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund.

  7.  All Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

  8.  Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiffs, Class Members, and Lead Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims. Notwithstanding the foregoing, this Judgment shall not be deemed a waiver or release of, and shall not preclude the Released Persons from asserting, any claims not barred by ¶9 herein, and otherwise permitted by any applicable federal or state statute or common law, against any person or entity, including claims against the Non-Settling Defendants, their present or former officers, directors, partners and employees, either in the form of a cross-claim, counterclaim, third-party complaint, or other form, filed in the Litigation or by a separately-filed action.

  9.  To the extent permitted by applicable laws, including Section 21D(f)(7)(A) of the Securities Exchange Act of 1934, codified at 15 U.S.C. §78u-4(f)(7)(A), upon the Effective Date, all

Persons are enjoined and barred from commencing or continuing any action against the UTStarcom Defendants, seeking, as damages, indemnity, contribution, or otherwise, the recovery of all or part of any liability or settlement which such persons (i) paid, (ii) were obligated to pay or agreed to pay, or (iii) may become obligated to pay to the Class, as a result of such persons' liability for or participation in any acts, facts, statements or omissions that were or could have been alleged in the action captioned *In re UTStarcom, Inc. Securities Litigation*. Any Person whose claims are so barred shall be entitled to appropriate judgment credits or reductions. Furthermore, notwithstanding the foregoing, nothing in this Judgment shall apply to, bar or otherwise affect any claim of right to indemnification between UTStarcom and any present or former officer or director of UTStarcom, or any claim for insurance coverage by any UTStarcom Defendant.

10. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the UTStarcom Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the UTStarcom Defendants or their respective Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The UTStarcom Defendants and/or their respective Related Parties may file the Stipulation and/or the

574938_1

Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the UTStarcom Defendants' Insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

574938_1

17. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**Within ten (10) days from the date of final disbursement of the Settlement Funds, the parties shall file a Joint Proposed Order with respect to any residual funds and nominate the appropriate organizations for *cy pres* distributions.**

The Clerk shall close this file.

Dated: August 31, 2010

_____
JAMES WARE
United States District Judge

574938_1

- 5 -

EXHIBIT 1

## UTSTARCOM REQUESTS FOR EXCLUSION
## [Timely/Valid]

| | |
|---|---|
| EXCL00002 | Koushik Das |
| EXCL00003 | Bradley H. Logan and Antoinette Logan |
| EXCL00010 | Paul G. Dearman |
| EXCL00011 | Fay E. Brant and C.E. Brant |
| EXCL00019 | Brian Anderson |
| EXCL00023 | Elizabeth Schacht |
| EXCL00027 | Lois J. Street (for Acct. #xxxxxx08) |
| EXCL00028 | Lois J. Street (for Acct. #xxxxxx50) |
| EXCL00033 | Maureen J. Neary |
| EXCL00035 | Alan Hay |
| EXCL00037 | Walter W. Farmer and Jane F. Farmer |
| EXCL00038 | Whitney Benefits |
| EXCL00045 | Jose A. Chejanovich |
| EXCL00046 | Ann H. Shute |
| EXCL00048 | William Boyd and Alene Boyd |
| EXCL00049 | William F. Guerin and Lillion J. Guerin |

575502_1